IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CURTIS PAUL CHUN, ) | CIVIL 15-00102 LEK-RLP |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| VICTORIA SIMPSON, ET AL., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**ORDER DENYING PLAINTIFF'S MOTION FOR**
**RESTRAINING ORDER AND PERMANENT INJUNCTION**

Before the Court is pro se Plaintiff Curtis Chun's ("Plaintiff") Motion for Restraining Order and Permanent Injunction ("Motion"), filed on October 1, 2015. [Dkt. no. 35.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the Motion and the relevant legal authority, Plaintiff's Motion is HEREBY DENIED for the reasons set forth below.

**DISCUSSION**

On March 27, 2015, Plaintiff filed a document that this Court construed as his Complaint.  The defendants were his neighbors, Defendants Victoria Simpson, Veronica Simpson, Valerie Simpson, Romeo Simpson, and an unnamed live-in boyfriend (collectively "Defendants").  On May 5, 2015, this Court issued an order dismissing the Complaint with leave to amend ("5/5/15

Order"). [Dkt. no. 9.]

Plaintiff filed his Amended Complaint against Defendants on September 14, 2015. [Dkt. no. 24.] On September 28, 2015, this Court issued an order dismissing the Amended Complaint with leave to amend ("9/28/15 Order"). [Dkt. no. 32.] Plaintiff has until November 30, 2015 to file a second amended complaint that addresses the issues identified in the 9/28/15 Order.

First, this Court cannot consider Plaintiff's current Motion because there is no complaint before this Court at this time. When a plaintiff seeks either a temporary restraining order or a preliminary injunction, the applicable standards require this Court to evaluate the merits of the plaintiff's claims. See, e.g., Hunger v. Univ. of Hawai`i, 927 F. Supp. 2d 1007, 1015 (D. Hawai`i 2013) (describing the applicable standards). This Court cannot evaluate the merits of the instant case until Plaintiff files his second amended complaint.

Second, even if this Court liberally construed Plaintiff's Motion as a pleading to be filed in a new case, this Court would not have jurisdiction over the new case. This Court would not have diversity jurisdiction because - based on Plaintiff's allegations - he, the Simpsons, and the unnamed boyfriend who allegedly assaulted him are all citizens of Hawai`i. See 5/5/15 Order at 9 (quoting 28 U.S.C. § 1332(a)).

Further, this Court would not have federal question jurisdiction because Plaintiff appears to be alleging an assault claim, which is a state law claim. See id. at 8-9 (citing State Farm & Cas. Co. v. Hawaii Hope Mission Baptist Church, Civ. No. 12-00687 JMS-KSC, 2014 WL 1045872, at *7 (D. Hawai`i Mar. 14, 2014)). This Court therefore cannot act upon Plaintiff's Motion.

This Court is very concerned about the events that Plaintiff has described, and it recognizes that Plaintiff is afraid that the violence between him and Defendants will escalate.  If Plaintiff believes that he is in danger, he should contact law enforcement.  Further, because this Court cannot consider Plaintiff's request for a restraining order and/or injunction at this time, he may wish to seek such relief through the corresponding processes in state court.

## CONCLUSION

On the basis of the foregoing, Plaintiff's Motion for Restraining Order and Permanent Injunction, filed October 1, 2015, is HEREBY DENIED WITHOUT PREJUDICE.  If necessary, Plaintiff may file a new motion for a temporary restraining order and/or preliminary injunction after he files his second amended complaint.  This Court will consider the merits of the new motion if his second amended complaint survives the screening process.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, October 1, 2015.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**CURTIS PAUL CHUN VS. VICTORIA SIMPSON, ET AL; CIVIL 15-00102 LEK-RLP; ORDER DENYING PLAINTIFF'S MOTION FOR RESTRAINING ORDER AND PERMANENT INJUNCTION**