IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CURTIS PAUL CHUN, | ) | CIVIL 15-00102 LEK-RLP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| VICTORIA SIMPSON, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**<u>ORDER DENYING PLAINTIFF'S MOTION FOR CLARIFICATION</u>**

Before the Court is pro se Plaintiff Curtis Chun's ("Plaintiff") "Motion Request Clarification" ("Motion"), filed on October 14, 2015.  [Dkt. no. 38.]  The Motion requests clarification of the following orders:

1)   the May 5, 2015 Order Dismissing Complaint and Denying Application to Proceed in District Court Without Prepaying Fees or Costs ("5/5/15 Order"); [dkt. no. 9;]

2)   the September 28, 2015 Order Dismissing Amended Complaint and Denying Application to Proceed in District Court Without Prepaying Fees or Costs ("9/28/15 Order"); [dkt. no. 32;]

3)   the September 29, 2015 Entering Order that denied various motions filed with Plaintiff's Amended Complaint ("9/29/15 EO"); [dkt. no. 34;] and

4)   the October 2, 2015 Order Denying Plaintiff's Motion for Restraining Order and Permanent Injunction ("10/2/15 Order") [dkt. no. 37].

This Court CONSTRUES Plaintiff's filing a motion for reconsideration of these orders.  The Court has considered this matter as a non-hearing motion pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for

the District of Hawai`i ("Local Rules").  After careful consideration of the Motion and the relevant legal authority, Plaintiff's Motion is HEREBY DENIED for the reasons set forth below.

## STANDARD

This Court has explained the standard applicable to motions for reconsideration as follows:

> A motion for reconsideration must (1) "demonstrate reasons why the court should reconsider its prior decision" and (2) "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Hele Ku KB, LLC v. BAC Home Loans Servicing, LP, 873 F. Supp. 2d 1268, 1289 (D. Haw. 2012).  The Ninth Circuit has held that reconsideration is appropriate if (1) the district court is presented with "newly discovered evidence," (2) the district court "committed clear error or the initial decision was manifestly unjust," or (3) "if there is an intervening change in controlling law." Nunes v. Ashcroft, 375 F.3d 805, 807 (9th Cir. 2004).

Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., Civil No. 12-00064 LEK-KSC, 2015 WL 274131, at *2 (D. Hawai`i Jan. 21, 2015) (some citations omitted).  "Mere disagreement with a previous order is an insufficient basis for reconsideration." Barnes v. Sea Hawaii Rafting, LLC, 16 F. Supp. 3d 1171, 1183 (D. Hawai`i 2014) (citation omitted).

**DISCUSSION**

I.  **Constitutional Claims**

Plaintiff first argues that he responded to the 5/5/15 Order by amending his complaint to allege violations of his constitutional rights under the Fourth and Fourteenth Amendments. Plaintiff argues that this Court erred in the 9/28/15 Order by failing to address the merits of his constitutional claims.

In the 9/28/15 Order, this Court stated that, based on the allegations in Plaintiff's original Complaint, this Court could not construe Plaintiff's constitutional claims in his Amended Complaint as amended versions of the claims alleged in the original Complaint.[1] [9/28/15 Order at 11.]  This Court therefore dismissed the constitutional claims because Plaintiff improperly included them in the Amended Complaint without leave of court. See 5/5/15 Order at 11 ("This Court emphasizes that it has only granted Plaintiff leave to amend the claims that he alleged in the original Complaint.  If Plaintiff wishes to make other changes — *i.e.*, if he wishes to add new parties, claims, or theories of liability — Plaintiff must file a motion for leave to amend pursuant to Fed. R. Civ. P. 15(a)(2).").  In other words,

---

[1] On March 27, 2015, Plaintiff filed a document that this Court construed as his Complaint.  [Dkt. no. 1.]  He filed his Amended Complaint on September 14, 2015.  [Dkt. no. 24.]  The defendants are Defendants Victoria Simpson, Veronica Simpson, Valerie Simpson, Romeo Simpson, and an unnamed live-in boyfriend (collectively "Defendants").

the 5/5/15 Order only granted Plaintiff leave to make changes to the claims in the original Complaint.  It did not, as Plaintiff argues in the instant Motion, give him permission to allege any claim based on federal laws that he believes "rescues" him from Defendants' actions.  See Motion at 2.

This Court FINDS that Plaintiff has not established any ground that warrants reconsideration of this Court's rulings regarding his constitutional claims.  Plaintiff's Motion is therefore DENIED as to his constitutional claims.

## II.  ADA Claim

Plaintiff also argues that this Court should reconsider the dismissal of his claim under the Americans with Disabilities Act ("ADA").  The 9/28/15 Order dismissed Plaintiff's ADA claim because he "still d[id] not allege that his residence and Defendants' residence are places of public accommodation." [9/28/15 Order at 7 (emphasis and citation omitted).]

Plaintiff argues that his residence is a place of public accommodation because he operates a business out of his home.  Plaintiff states that he performs audio electronic repair services in exchange for non-monetary items, such as food and beverages.  However, to the extent that Plaintiff alleges that Defendants are discriminating against him based on his disability, the ADA would not apply unless one or more of Defendants is a "'person who owns, leases (or leases to), or

operates a place of public accommodation.'"  See 5/5/15 Order at 4 (quoting 42 U.S.C. § 12182(a)).  In the Motion, Plaintiff concedes that he still does not know whether Defendants' property is a public accommodation.  [Motion at 2.]

This Court FINDS that Plaintiff's Motion does not establish any ground that warrants reconsideration of this Court's rulings regarding his ADA claim.  Plaintiff's Motion is therefore DENIED as to his ADA claim.

### III. Dr. Donovan

Plaintiff next argues that this Court's dismissal of his claim against Dr. Donovan was erroneous because his Amended Complaint did not state a claim against Dr. Donovan.  In the 9/28/15 Order, this Court stated that Plaintiff "**appears to be attempting** to obtain relief against Dr. Donovan.  **To the extent that Plaintiff is attempting to allege a claim against Dr. Donovan**, Plaintiff did not have leave from this Court to add that new claim."  [9/28/15 Order at 5 (emphases added).]  Thus, the 9/28/15 Order recognized the possibility that Plaintiff may not have been attempting to bring a claim against Dr. Donovan.  This Court's subsequent rulings regarding the purported claims only applied if Plaintiff was in fact alleging claims against Dr. Donovan.

Even though Plaintiff now makes it clear that the Amended Complaint did not contain any claims against Dr. Donovan,

this Court CONCLUDES that it was not manifest error to address the possibility that Plaintiff was trying to allege claims against Dr. Donovan.  Plaintiff's Motion is therefore DENIED as to the discussion of Dr. Donovan in the 9/28/15 Order.

### IV. Filing of a Second Amended Complaint

The upshot of the Motion is that Plaintiff is aware that he must file a second amended complaint by **November 30, 2015**.  Plaintiff is also aware that, if he is unable to file his second amended complaint by the deadline, he must file a motion for an extension.  This Court will await the filing of Plaintiff's second amended complaint.

### CONCLUSION

On the basis of the foregoing, Plaintiff's "Motion Request Clarification," filed October 14, 2015, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, November 5, 2015.



 /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**CURTIS PAUL CHUN VS. VICTORIA SIMPSON, ET AL; CIVIL 15-00102 LEK-RLP; ORDER DENYING PLAINTIFF'S MOTION FOR CLARIFICATION**