IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CURTIS PAUL CHUN, | CIVIL 15-00102 LEK-RLP |
| Plaintiff, | |
| vs. | |
| VICTORIA SIMPSON, ET AL., | |
| Defendants. | |

**ORDER DISMISSING SECOND AMENDED COMPLAINT WITH PREJUDICE; DENYING MOTION FOR LEAVE TO AMEND THE CLAIM FOR THE SECOND AMENDED COMPLAINT; AND DENYING ALL OTHER PENDING MOTIONS**

On November 30, 2015, pro se Plaintiff Curtis Chun ("Plaintiff") filed, *inter alia*, his Second Amended Complaint and his Motion for Leave to Amend the Claim for the Second Amended Complaint ("Motion to Amend"). [Dkt. nos. 45 (Motion to Amend), 47 (Second Amended Complaint).] The Court has considered these matters without a hearing pursuant to Rule LR7.2(d) and (e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of Plaintiff's submissions and the relevant legal authority, this Court HEREBY DISMISSES the Second Amended Complaint WITH PREJUDICE, and DENIES the Motion to Amend. In light of these rulings, all of Plaintiff's other pending motions are HEREBY DENIED AS MOOT. This means that all of Plaintiff's claims are dismissed, and he is not permitted to amend his

complaint. Plaintiff therefore does not have any lawsuit pending in this court.

## BACKGROUND

Plaintiff brings this action to address harmful emissions that he alleges travel from his neighbors' home to his home. Defendants Victoria Simpson, Veronica Simpson, Valerie Simpson, Romeo Simpson, and John Doe, who Plaintiff describes as the boyfriend of one of the Simpsons, (collectively "Defendants") are either his neighbors or frequent visitors to his neighbors' home. Defendants' actions, including, *inter alia*, smoking cigarettes, allegedly create the emissions that travel to Plaintiff's home. Plaintiff alleges that he is particularly susceptible to injuries caused by Defendants' emissions because of his disability – Multiple Chemical Sensitivity ("MCS").

The relevant factual and procedural background of this case is set forth in this Court's: May 5, 2015 Order Dismissing Complaint and Denying Application to Proceed in District Court Without Prepaying Fees or Costs ("5/5/15 Order"); [dkt. no. 9;] and September 28, 2015 Order Dismissing Amended Complaint and Denying Application to Proceed in District Court Without Prepaying Fees or Costs ("9/28/15 Order") [dkt. no. 32]. This Court will only repeat the background that is relevant to the matters currently before it.

Plaintiff's Amended Complaint, filed on September 14, 2015, contained twelve numbered charges.  [Dkt. no. 24 at 48-55.]  All twelve charges were state law claims.  See 9/28/15 Order at 11.  Plaintiff also alleged a number of federal law claims, none of which survived the screening process.  This Court noted that it was unclear whether the Amended Complaint alleged a claim under the Americans with Disabilities Act ("ADA"), but this Court concluded that, even if the Amended Complaint did allege an ADA claim, the claim failed as a matter of law.  This Court dismissed the ADA claim with prejudice because Plaintiff's original Complaint, [filed 3/27/15 (dkt. no. 1),] contained an ADA claim, and the 5/5/15 Order gave Plaintiff notice of the defects in the claim, but he failed to cure the defects in the Amended Complaint.  [9/28/15 Order at 6-7.]

As in the original Complaint, Plaintiff's Amended Complaint alleged a claim under the Clean Air Act.  In the 9/28/15 Order, this Court stated that it may be possible for Plaintiff to bring a citizen suit under the Clean Air act against Defendants for violating a National Ambient Air Quality Standard ("NAAQS").  However, this Court concluded that Plaintiff's Clear Air Act claim – as written in the Amended Complaint – failed to state a claim upon which relief could be granted.  This Court therefore dismissed Plaintiff's Clean Air Act with leave to amend.  [Id. at 7-10.]

The Amended Complaint also attempted to allege claims that Defendants' actions violated Plaintiff's rights under: the United States Constitution, specifically the Fourth Amendment; the Section 504 of the Rehabilitation Act of 1973 ("Rehab Act"); and Title VII of the Fair Housing Amendments Act of 1988 ("FHAA"). However, this Court dismissed those claims because Plaintiff did not allege those claims in his original Complaint, and the 5/5/15 Order did not give Plaintiff leave to add new claims. [Id. at 10-11.]

Because this Court dismissed all of Plaintiff's federal law claims, it also dismissed the state law claims in the Amended Complaint because this Court did not have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), and it could not exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. [Id. at 11-12.] Thus, the Court dismissed Plaintiff's Clean Air Act claim and his state law claims with leave to amend. This Court cautioned Plaintiff that, if he wished to make any other changes (such as adding new claims), he had to file a motion for leave to amend pursuant to Fed. R. Civ. P. 15(a)(2). [Id. at 12-13.]

Plaintiff's Second Amended Complaint contains the same twelve state law claims alleged in the Amended Complaint. [Second Amended Complaint at 48-55.] Plaintiff also alleges a claim for the violation of the Fourth Amendment and a Clean Air

Act claim.  In addition, the Second Amended Complaint contains citations to, *inter alia*, Section 504 of the Rehabilitation Act of 1973 ("Rehab Act") and Title VII of the Fair Housing Amendments Act of 1988 ("FHAA").  The Motion to Amend that Plaintiff filed with the Second Amended Complaint apparently explains the changes that he made to the Amended Complaint, and seeks leave to make amendments beyond the amendment of the Clean Air Act claim authorized in the 9/28/15 Order.

### DISCUSSION

**I.   Screening Process**

The standard that this Court applies when screening a pro se plaintiff's complaint is set forth in the 5/5/15 Order at 3-4.

**A.   Clean Air Act Claim**

This Court ruled that the Clean Air Act claim in the Amended Complaint failed as a matter of law because Plaintiff "failed to cite the NAAQS for the specific pollutant that Defendants allegedly violated, and the allegations of the Amended Complaint do not indicate whether Plaintiff complied with the notice requirements of [42 U.S.C.] § 7604(b)."  [9/28/15 Order at 9.]  In the Second Amended Complaint, Plaintiff merely states:

> The Clean Air Act gives all the legal right
> to breathe clean, healthy air and protect all
> mainly from industrial contamination of specific
> polutants [sic] in compliance with the National

> > Air Quality Standards EPA (NAAQS).
> 
> > State's [sic] of Hawaii Dept. of Clean Air Branch does not control the [second-hand smoke] as it should.
> 
> > City and County issued the ordinances pertaining to noise control, but failed to issue air pollution control, despite of Federal Clean Air Act which applies mainly to industrial air pollution, although might also impact the control of contamination of the air by individual citizens.

[Second Amended Complaint at 28, § 23.] The Second Amended Complaint does not identify the specific NAAQS that Defendants allegedly violated, nor does it address whether Plaintiff complied with the § 7604(b) notice requirements. See 9/28/15 Order at 9 (quoting § 7604(b)(1))(A)).] This Court therefore CONCLUDES that the Clean Air Act claim in the Second Amended Complaint fails to state a claim upon which relief can be granted, and therefore Plaintiff cannot possibly win relief on the Clean Air Act claim in the Second Amended Complaint. See Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief." (citations omitted)).

Plaintiff also discusses the Clean Air Act claim in the Motion to Amend. Although noting that this Court concluded that it was possible for him to bring a citizen suit against Defendants for violating a NAAQS, Plaintiff argues that "[i]t is

the business of [the Environmental Protection Agency] not individual claimant to perform Environmental Pollution studies, any tests and mesurements [sic]."  [Motion to Amend at 5.[1]]  Plaintiff apparently argues that: identifying a specific NAAQS is not necessary; and he may bring a citizen suit against Defendants under the Clean Air Act merely because the United States Surgeon General has determined that second-hand smoke is a toxic pollutant.  [Id.]

Plaintiff was given notice of the deficiencies in his Clean Air Act claim, and he had sufficient time to assess whether or not he could correct those deficiencies.  He failed to correct those deficiencies in the Second Amended Complaint, and there is no indication in the Motion to Amend that Plaintiff would be able to correct those deficiencies if he had another opportunity to amend the claim.  This Court therefore CONCLUDES that it is absolutely clear that no amendment can cure the defects in Plaintiff's Clean Air Act claim, and this Court DISMISSES the Clean Air Act claim WITH PREJUDICE, in other words, without leave to amend.  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of

---

[1] Plaintiff's Motion to Amend does not have page numbers.  The citations to the Motion to Amend in this Order refer to the page numbers for the Motion to Amend in the district court's Electronic Case Filing system.

the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.").

    **B.**    **Fourth Amendment Claim**

In the Second Amended Complaint, Plaintiff argues that Defendants' actions violate his rights under the Fourth Amendment, which he argues guarantees property owners the right "to be protected from trespass." [Second Amended Complaint at 42, § 29.] He also emphasizes that "[t]here is no constitutional right to smoke nor to cause someone to inhale injurious second hand smoke." [Id. at 43, § 30.]

As previously noted, the 9/28/15 Order only granted Plaintiff leave to amend his Clean Air Act claim. The order stated that, if Plaintiff wished to make other changes (such as adding a claim for violation of his constitutional rights), he had to file a motion for leave to amend pursuant to Rule 15(a)(2). To the extent that the Second Amended Complaint alleges a Fourth Amendment claim, this Court CONSTRUES it as a **proposed** claim, presented in conjunction with Plaintiff's Motion to Amend, which he filed concurrently with the Second Amended Complaint.

Rule 15(a)(2) states that: "The court should freely give leave [to amend] when justice so requires." This district court has stated:

> If the facts and circumstances a plaintiff relies upon may be the basis of relief, the plaintiff should be afforded an opportunity to test his claims on the merits. Foman [v. Davis], 371 U.S. [178,] 182 [(1962)].  In determining whether to grant leave to amend, courts consider factors such as: futility of the amendment; bad faith by the plaintiff; whether there was undue delay in seeking the amendment; whether it will prejudice the opposing party; and whether the plaintiff failed to cure deficiencies in prior amendments. Id.; see also In re W. States Wholesale Natural Gas Antitrust Litig., 715 F.3d 716, 738 (9th Cir. 2013) (the court weighs five factors in determining whether justice requires that leave to amend be granted: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint").

Am. Elec. Co., LLC v. Parsons RCI, Inc., Civ. Nos. 13-00471 BMK, 14-00020 BMK, 2015 WL 881610, at *2 (D. Hawai`i Feb. 27, 2015). In particular, "a proposed claim which would not survive a motion to dismiss is futile." Estate of Tungpalan v. Crown Equip. Corp., Civil No. 11-00581 LEK-BMK, 2013 WL 2897777, at *7 (D. Hawai`i June 12, 2013).

Plaintiff's proposed Fourth Amendment claim asserts that: "The Fourth Amendment is about property law it includes the injury to ones body, real property, and all personal property, chattels, the unauthorized entry upon land 'invasion' or an 'intrusion'." [Second Amended Complaint at 35-36, § 25.] Plaintiff also asserts that the Fourth Amendment contains a "guarantee right of property owner to be protected from trespass." [Id. at 42, § 29.] Plaintiff's arguments are

misplaced.

The Fourth Amendment states, in pertinent part: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause . . . ." The United States Supreme Court has stated that the guarantee of security in people's houses "unequivocally establishes the proposition that at the very core of the Fourth Amendment stands the right of a man to retreat into his own home and there be free from unreasonable **governmental** intrusion." Payton v. New York, 445 U.S. 573, 589-90 (1980) (citation, internal quotation marks, and brackets omitted) (emphasis added).  Thus, the Fourth Amendment only protects against unreasonable intrusions by the **government**; it does not convert a trespass by a **private person** into a constitutional violation.  See, e.g., United States v. Jones, 132 S. Ct. 945, 950 (2012) ("At bottom, we must assure preservation of that degree of **privacy against government** that existed when the Fourth Amendment was adopted.  As explained, for most of our history the Fourth Amendment was understood to embody a particular concern for **government trespass** upon the areas ('persons, houses, papers, and effects') it enumerates." (citation, internal quotation marks, and brackets omitted) (emphases added)).

Thus, even assuming that the factual allegations in the Second Amended Complaint are true, the intrusion of Defendants' emissions into Plaintiff's home does not constitute a violation of the Fourth Amendment.  This Court therefore CONCLUDES that Plaintiff's proposed Fourth Amendment claim would not survive a motion to dismiss because it fails to state a claim upon which relief can be granted.  In other words, the proposed Fourth Amendment is futile.  Thus, this Court DENIES Plaintiff's Motion to Amend as to the proposed Fourth Amendment claim.

### C.    Other Federal Law Allegations

Plaintiff's Second Amended Complaint also cites a number of other federal statutes.  For example, he alleges that, under the Rehab Act, "housing providers who receive Federal financial assistance are required to modify their housing policies and practices to ensure that these policies and practices do not discriminate on the basis of handicap against qualified individuals with MCSD."  [Second Amended Complaint at 22, § 15.]  In addition, "MCS is recognized as a disability that must be accomodated [sic] per the Fair Housing Act."  [Id. at 22, § 15.]  According to Plaintiff, MCS is also recognized as a disability for purposes of housing discrimination claims under the FHAA.  [Id. at 23, § 15.]

This Court must liberally construe Plaintiff's pleadings because he is proceeding pro se.  See, e.g., Eldridge

v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365, 102 S. Ct. 700, 701, 70 L. Ed. 2d 551 (1982) (per curiam))).  However, even liberally construing Plaintiff's Second Amended Complaint, this Court cannot construe it as alleging disability discrimination claims in violation of the federal housing laws cited above.  Reading the Second Amended Complaint as a whole, and reading it in light of the Motion to Amend, this Court construes Plaintiff's allegations regarding the Rehab Act, the FHAA, and the Fair Housing Act as background allegations describing MCS in general.  This Court therefore does not construe either the Second Amended Complaint as alleging, or the Motion to Amend as proposing, substantive claims against Defendants for violations of the Rehab Act, the FHAA, and the Fair Housing Act.

In addition, this Court does not construe either the Second Amended Complaint as alleging, or the Motion to Amend as proposing, any other federal claims.

    **D.**    **State Law Claims**

The only possible basis for federal question jurisdiction pursuant to 28 U.S.C. § 1331 in the Second Amended Complaint is the Clean Air Act claim, but this Court has dismissed that claim with prejudice.  The only possible basis for

12

federal question jurisdiction proposed in the Motion to Amend is the Fourth Amendment claim, and this Court has ruled that the proposed claim is futile. This Court therefore CONCLUDES that: 1) there is no basis for federal question jurisdiction in this case; and 2) without jurisdiction over a federal law claim, this Court cannot exercise supplemental jurisdiction over Plaintiff's state law claims.

Insofar as Plaintiff's only federal law claim has been dismissed with prejudice, Plaintiff's state law claims are also DISMISSED WITH PREJUDICE. The dismissal is with prejudice insofar as Plaintiff cannot continue to bring his state law claims **in the instant case**. Because this Court dismisses Plaintiff's state law claims for lack of subject matter jurisdiction, this Court expresses no opinion on whether Plaintiff could succeed on his state law claims, if he brought them in state court.

**II. Pending Motions**

To the extent that the Motion to Amend proposes either to add new state law claims or to amend the state law claims alleged in the Second Amended Complaint, those requests are DENIED AS MOOT. Thus, the Motion to Amend is DENIED in its entirety.

On November 30, 2015, Plaintiff filed: an Application for Temporary Restraining Order; [dkt. no. 42;] a Motion for

13

Preliminary Injunction; [dkt. no. 43;] and a "Motion to Provide Accommodation to Person with Disability in Compliance with American with Disability Act" [dkt. no. 46]. Plaintiff also filed various statements, affidavits, exhibits, and other references in support of these motions. [Dkt. nos. 44, 48-53.] In light of the dismissal of the Second Amended Complaint with prejudice and the denial of the Motion to Amend, these motions are HEREBY DENIED AS MOOT.

## CONCLUSION

On the basis of the foregoing, Plaintiff's Second Amended Complaint, filed November 30, 2015, is HEREBY DISMISSED WITH PREJUDICE, and Plaintiff's Motion for Leave to Amend the Claim for the Second Amended Complaint, also filed November 30, 2015, is HEREBY DENIED. In light of these rulings, all of Plaintiff's other pending motions are HEREBY DENIED AS MOOT.

The Court DIRECTS the Clerk's Office to close this case on **December 30, 2015**, unless Plaintiff files a motion for reconsideration of this Order by **December 28, 2015**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, December 9, 2015.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**CURTIS PAUL CHUN VS. VICTORIA SIMPSON, ET AL; CIVIL 15-00102 LEK-RLP; ORDER DISMISSING SECOND AMENDED COMPLAINT WITH PREJUDICE; DENYING MOTION FOR LEAVE TO AMEND THE CLAIM FOR THE SECOND AMENDED COMPLAINT; AND DENYING ALL OTHER PENDING MOTIONS**